## Nebraska City v. Baker.

1. PRACTICE: *Paper not rightly in record.* A deposition used upon a hearing in the District Court, but not included nor referred to in the bill of exceptions, will, on motion in this court, be stricken out of the transcript.

Nebraska City sued Baker and Wolfolk for certain damages. Baker having been personally served with process, judgment was rendered against him. Execution issued and was returned unsatisfied. An affidavit alleging these proceedings and other matters usual to effect a garnishment, was filed and an order of attachment issued, upon which a notice of garnishment was served on Bradley and Payne, alleged debtors of Baker. Bradley and Payne moved the court to discharge the garnishment as unauthorized by law. This motion was overruled by the court. Bradley and Payne then answered, denying any indebtedness to Baker. To establish such indebtedness, the City took the deposition of Conrad Jones. The garnishees then moved to be discharged and this motion was sustained by the court; and to the order made in that behalf the City excepted on the journal, and also took a bill of exceptions, which merely recited that the motion to be discharged had been made and sustained, and that an exception was duly taken ; but without showing on what papers the hearing of the motion was had nor referring to the deposition of Jones. That deposition was included in the transcript filed in this court, and Bradley and Payne now moved to strike it out of the record.

*I. N. Shambaugh,* for the motion.

*G. B. Scofield,* contra.

CROUNSE, J.

NEBRASKA CITY *v.* BAKER.

Included in the record transmitted to this court is a deposition of Conrad Jones. The bill of exceptions which is made a part of the record (omitting its formal parts), recites that "this cause came on for hearing upon the motion of the garnishees to be discharged from their garnishment herein, and the court being fully advised doth discharge the said garnishees, and order that the said garnishees recover their costs herein, to all of which the plaintiff excepts." The deposition was, no doubt, used upon the hearing in the court below, but it was not included nor referred to in the bill of exceptions, and is therefore not properly with the record here. The motion to strike it from the transcript must prevail.—*Hilliard on New Trials,* 503 ; *Spurlock* v. *Fulks,* 1 *Swan,* 289. Upon the record standing no error appears, and the judgment of the court below must be affirmed.

Judgment affirmed.